NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCIPIO ANTHONY DUNN,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-6250

D.C. No.
2:23-cv-01770-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted August 18, 2025[**]
Portland, Oregon

Before: CALLAHAN and MENDOZA, Circuit Judges, and SNOW, District
Judge.[***]

Scipio Dunn appeals a district court judgment affirming a Social Security

Administration decision denying disability insurance and supplemental security

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

income benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing de novo, *see Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022), we affirm.

1.     An ALJ cannot reject a medical opinion "as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792. "Substantial evidence is more than a mere scintilla," but "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (cleaned up). Additionally, "the ALJ must assess the persuasiveness of each medical opinion after considering specified factors." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citations omitted). "Consistency and supportability are the most important factors." *Id.* (citations omitted). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Id.* at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). "Ultimately, the ALJ must articulate how persuasive it finds all of the medical opinions from each doctor or other source, and explain how it considered the supportability and consistency factors in reaching these findings." *Stiffler*, 102 F.4th at 1106 (internal quotation marks and citation omitted).

The ALJ considered the opinions of Drs. Beth Liu, Merry Alto, Howard Platter, and Garima Ajmani and found "these opinions unpersuasive because they are inconsistent with the objective medical evidence" and Dunn's "demonstrated functioning and are unsupported by treatment notes, exam findings, or other objective evidence." The ALJ thus assessed the persuasiveness of the medical opinions by considering the consistency and supportability factors. *See Woods*, 32 F.4th at 792.

The ALJ observed that the opinions of Drs. Liu, Alto, Platter, and Ajmani were inconsistent with and unsupported by objective medical evidence. In rejecting the opinions of Drs. Liu, Alto, and Platter, the ALJ found that Dunn "presents in no acute distress with a normal gait; normal cardiovascular, pulmonary, and musculoskeletal exams; and mild lower extremity edema at other exams." The record cited by the ALJ supports these observations and reflects that Dunn was repeatedly observed in 2020 and 2021 as being "in no distress" upon physical examination in medical appointments. Since the objective medical evidence indicated that Dunn's physical limitations were not as severe as indicated by the doctors' opinions, substantial evidence supports the ALJ's rejection of those opinions. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (holding that "[s]ubstantial evidence supports the ALJ's finding" that a doctor's opinion "was not persuasive" because "objective observations during office visits counter the

extremeness of [the doctor's] evaluation"); *see also Woods*, 32 F.4th at 794 (holding that the ALJ "reasonably rejected" a doctor's opinion where the opinion was inconsistent with "treatment notes").

Dunn highlights other medical evidence in the record, such as Dunn's morbid obesity, chronic lower back pain, lower extremity edema, and knee problems, along with treatment notes from a medical appointment indicating that Dunn was in "obvious pain." But where, as here, the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

The ALJ also observed that Dunn's documented activity level was inconsistent with these doctors' opinions. In rejecting the opinions of Drs. Liu, Alto, and Platter, the ALJ found that the "severity of their opined limitations are not consistent with the many reports throughout the record of [Dunn's] engaging in weightlifting, going to the gym, and improved symptoms through exercise." The record cited by the ALJ supported these propositions and reflects that Dunn maintained an exercise routine involving cardio and resistance training three times per week, usually for two hours each time throughout 2021. Since Dunn's recorded activity level indicates greater functioning than opined by the doctors, substantial evidence supported the ALJ's rejection of those doctors' opinions. *See Stiffler*, 102 F.4th at 1108 (holding that the ALJ's rejection of a doctor's opinion was

"supported by substantial evidence" where the claimant's "documented activities suggest a higher range of functioning than those assessed by [the doctor]").

Dunn highlights evidence that he experienced knee injuries while exercising between July 2021 and January 2022. But the record also indicates that Dunn recovered from those knee injuries, as he was in "[n]o pain" and "in no acute distress" upon physical examination in July 2022. Where, as here, the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted). Dunn further argues that, even if the ALJ were correct to conclude that his exercise routine was inconsistent with the medical opinions, subsequent improvement is not a valid reason to discount a medical opinion. But an ALJ may consider whether new evidence received "after the medical source made his or her medical opinion . . . makes the medical opinion . . . more or less persuasive," and the ALJ properly did so here. *See* 20 C.F.R. 404.1520c(c)(5).

Because we find that the ALJ provided legally sufficient reasons for rejecting these medical opinions, we reject this claim.

**AFFIRMED.**

24-6250